IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA     )
                             )
              v.             )         1:10-CR-13-2
                             )
STEPHEN ANTHONY MILLER       )

## MEMORANDUM ORDER

Before the court are pro se Defendant Stephen Anthony Miller's motions regarding his request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 102, 105, 108.) The Government has responded in opposition. (Doc. 107.)

This court, with Judge N. Carlton Tilley, Jr., presiding, denied Miller's first motion for compassionate release (Doc. 78) on September 13, 2022. (Doc. 85.) The Fourth Circuit affirmed (Doc. 94.) This court agreed with Miller then that, under United States v. Green, 996 F.3d 176, 184 (4th Cir. 2021), he would not be enhanced as a career offender if he were sentenced at the time of his first motion for compassionate release because, under Green, Hobbs Act robbery was not a crime of violence under the Sentencing Guideline manual then in effect. (Doc. 78 at 3-4); Green, 996 F.3d at 179. Nevertheless, the court found that the § 3553(a) factors foreclosed Miller's requested relief. (Doc. 78 at 5-7.)

In the first of his motions now before the court, filed November 13, 2023, Miller contends that the newly amended compassionate release guidelines, specifically U.S.S.G.

§ 1B1.13(b)(6) (2023), justify a sentence reduction. (Doc. 102.) He also requests the appointment of counsel. (Id.)

Miller subsequently filed a clarification (entitled "motion to clarify") stating that he meant docket entry 102 to "seek an alteration or amendment of a previous order of the court under Fed. R. Civ. P. 59(e)." (Doc. 105.) The court has considered the contents of this motion and to this extent only, the motion to clarify will be granted. After the Government responded in opposition, Miller filed a "motion to stay proceedings" for docket entry 102 until he could confer with counsel and again clarified that docket entry 102 was a motion "for reconsideration of th[e] court's denial of [the] § 3582 motion to reduce [his] sentence." (Id.)

As to Miller's request for counsel, there is no general constitutional right to appointed counsel in post-conviction proceedings, see United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013), although the court retains discretion to appoint counsel in § 3582(c) proceedings if the interests of justice so require. Miller is capable of seeking his requested relief without the appointment of counsel, and he has not otherwise demonstrated that appointment of counsel is necessary here. As such, the court

will deny his request for appointment of counsel.[1]  In light of this denial, Miller provides no other justification to stay consideration of his pending motion seeking a reduction in sentence under § 3582(c)(1)(A).

Miller appears pro se, and his pleadings "should not be scrutinized with such technical nicety that a meritorious claim should be defeated."  Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).  But the liberal construction of a pro se defendant's filing does not require the court to ignore clear defects in it, Bustos v. Chamberlain, No. 3:09-1760, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), or to become an advocate for the pro se party, Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).  See also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that "[d]istrict judges are not mind readers").

Whether the court construes docket entry 102 as a motion for reconsideration under Federal Rules of Civil Procedure 59(e) or 60(b), or as a new motion for compassionate release, the motion will be denied.[2]  While U.S.S.G. § 1B1.13(b), as amended in

---

[1] The court has appointed counsel for the limited purpose of Miller's separate pending § 3582(c)(2) motion.  (Doc. 101.)  That motion will be considered separately from those under consideration here.

[2] The court assumes without deciding that the reconsideration motion is timely.  See Fed. R. Civ. P. 59(e) (requiring motion within 28 days after the entry of the judgment); Fed. R. Civ. P. 60(c) (requiring motion within a reasonable time).  The motion was filed shortly after the newly

3

November 2023, permits a court to consider a change in the law that produces a sentence disparity when assessing whether extraordinary and compelling reasons exist to reduce a defendant's sentence, the November 2023 guideline amendments have also effectively reinstated Hobbs Act robbery as a crime of violence for the career offender enhancement under U.S.S.G. § 4B1.2(a) by redefining "robbery" to mirror the elements of Hobbs Act robbery. Compare U.S.S.G. § 4B1.2(e)(3), with 18 U.S.C. § 1951(b)(1). Put another way, even accepting there was a sentencing disparity at the time of Miller's first compassionate release motion (a motion the court denied in any event), that disparity no longer exists under the newly amended Sentencing Guidelines. See U.S. Sentencing Comm'n, Amendments to the Sentencing Guidelines, at 99 (Apr. 27, 2023), https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202305_RF.pdf (observing that decisions like Green were the "unintended consequence" of an unrelated 2016 amendment to the career offender guideline "meant to remove threats to reputation" and reporting that "the Commission conducted an analysis of recent cases and found that the Hobbs Act robberies overwhelmingly involved violence"). Miller's motion,

---

amended Sentencing Guidelines were promulgated, though also over one year after this court's order denying relief and after the Fourth Circuit has heard and denied his appeal. In any event, the outcome is the same whether or not the motion is timely.

construed either as one for reconsideration or as a new compassionate release motion, will therefore be denied.[3]

For the reasons stated, therefore,

IT IS ORDERED that Miller's motion for compassionate release and/or motion for reconsideration (Doc. 102) is DENIED;

IT IS FURTHER ORDERED that Miller's motion to clarify (Doc. 105) is GRANTED to the extent the court has considered the clarification therein;

IT IS FURTHER ORDERED that Miller's motion to stay proceedings (Doc. 108) is DENIED.


                                                  /s/   Thomas D. Schroeder
                                                United States District Judge

June 4, 2024

---

[3] Though Miller does not contest any other of the court's findings or conclusions in its denial of Miller's first motion for compassionate release, the court has considered this previous order, which was affirmed by the Fourth Circuit, and finds no other basis to reconsider.